NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN HARRY MONINGER, *Appellant.*

No. 1 CA-CR 24-0523

FILED 05-29-2026

Appeal from the Superior Court in Mohave County
No. S8015CR201801598
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Harris & Winger, P.C., Flagstaff
By Chad Joshua Harris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Chief Judge Randall M. Howe joined.

---

**B R O W N**, Judge:

**¶1**　　　　Kevin Moninger appeals from his sentence imposed on his conviction for luring a minor.  He challenges the superior court's designation of his conviction as a dangerous crime against children ("DCAC") because the purported minor involved was a police officer impersonating a minor.  Because our supreme court recently held that the luring statute, A.R.S. § 13-3554, does not "require an actual minor victim" to support a DCAC sentencing enhancement, we affirm.  *See State v. Marner (Marner II)*, ___ Ariz. ___, ___, ¶¶ 46–47, 583 P.3d 53, 63 (2026).

### BACKGROUND

**¶2**　　　　Moninger posted two classified ads on a website used to facilitate sexual encounters.  *State v. Moninger (Moninger II)*, 258 Ariz. 18, 20, ¶ 3 (2024).  He received a response from an undercover officer posing as a 13-year-old girl named "Sabrina."  *Id.*  Moninger and Sabrina exchanged emails for a few days and then began a texting conversation.  *Id.* at ¶ 4. Over the course of three days, they exchanged many text messages.  *Id.* at 20–21, ¶ 5. Moninger told Sabrina he wanted to meet her, and he made comments that could be understood as wanting to engage in sexual conduct with her. *Id.* at 20, ¶ 4.  Sabrina agreed to meet Moninger.  *Id.* at ¶ 5.

**¶3**　　　　When Moninger drove to the arranged meeting spot, police officers arrested him.  *Id.* at 21, ¶ 6.  Under A.R.S. § 13-3554, the State charged him with three counts of luring a minor under the age of 15 for sexual exploitation.  *Id.*  The State also charged Moninger with one count of attempted sexual conduct with a minor, in violation of A.R.S. §§ 13-1001 and -1405.  *Id.*

**¶4**　　　　A jury found Moninger guilty of all charges.  *Id.* at ¶ 7.  The superior court sentenced him to consecutive prison terms as follows: count 1 (luring), 7 years; count 2 (luring), 7.5 years; count 3 (luring), 7.5 years; and count 4 (attempted sexual conduct with a minor), 9 years.  The superior court designated all four offenses as DCAC under A.R.S. § 13-705.

¶5         Moninger appealed, and this court vacated two of his three luring convictions, concluding that the text messages did not comprise three "separate, distinct courses of conduct." *State v. Moninger (Moninger I)*, 251 Ariz. 487, 499, ¶ 45 (App. 2021), *vacated*, 258 Ariz. 18 (2024). This court also remanded for resentencing, noting the superior court could consider whether Moninger's conviction for luring was probation eligible. *Id.* at 503, ¶¶ 60–61.

¶6         The supreme court affirmed this court's decision vacating two luring convictions but vacated Moninger's sentence for the remaining luring conviction, concluding it was "a first-degree DCAC offense" which is "explicitly ineligible for probation" under A.R.S. § 13-705(H). *Moninger II*, 258 Ariz. at 25–26, ¶¶ 35, 39–40.

¶7         On remand, the superior court sentenced Moninger to seven years' imprisonment on the luring conviction, affirmed his sentence for attempted sexual conduct with a minor, and ordered the sentences to run consecutively. Moninger timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶8         The sole issue on appeal is whether the DCAC sentencing enhancement was permissible given the absence of an actual minor victim. Relying on *State v. Marner (Marner I)*, 258 Ariz. 512 (App. 2024), Moninger argues that the DCAC sentencing enhancement requires an actual minor victim under the age of 15. *See id.* at 516, ¶ 12 (holding that A.R.S. § 13-705's sentencing enhancement for DCAC is not implicated by § 13-3554(C) without an actual minor victim).

¶9         After Moninger filed his opening brief and the State filed its answering brief, the supreme court issued its opinion vacating *Marner I*. *Marner II*, 583 P.3d at 63, ¶ 47. The court held that the legislature criminalized luring "conduct at the solicitation stage" to protect "children as a class," not "a particular child." *Id.* at ¶ 46. "[N]either § 13-3554 nor § 13-705 require an actual minor victim for the deployment of DCAC sentencing enhancement." *Id.* at ¶ 47. Moninger then filed a notice in this court acknowledging the reversal of *Marner I* and alerting us that although he does not concede any issues raised in the opening brief, no reply brief would be filed. Because *Marner II* resolves the issue Moninger has raised in this appeal, he has shown no error.

## CONCLUSION

¶10          We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR